IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARY LOUISE SMITH; and
TIFFANY E. SMITH                                                          PLAINTIFFS

v.                              No. 3:19-cv-82-DPM

ASA HUTCHINSON, in his Official
Capacity as Governor of the State of
Arkansas, *et al.*                                                         DEFENDANTS

ORDER

**Summary.** Mary and Tiffany Smith have sued one private entity and twenty-one state actors for violating their rights under the U.S. Constitution and several federal statutes. They bring several tort claims under state law, too. In their amended complaint, the Smiths allege that the defendants conspired to discriminate against them and remove their foster children because the Smiths are black. Eight defendants (in three separate motions) move to dismiss the Smiths' claims against them.

**Background.** The Smiths plead these facts, which the Court accepts as true. *Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588, 590 (8th Cir. 2004). In 2016, they cared for six children. Their problems began with a dust-up over whether two of the children were receiving their medication at school. An investigation on that front found no wrongdoing; and the Smiths say that DHS dropped the

allegation. Sometime after that, a nurse at the elementary school reported the Smiths for child abuse. She gave the police pictures of injuries to one of the children in the Smiths' care. Around that time, a DHS investigator reported that another of the Smiths' children had similar injuries. During an investigation, the first child told an Osceola police officer (the nurse's husband) that the Smiths "disciplined" him with extension cords. The officer also claimed that the Smiths admitted striking the two children with a USB cord; but the Smiths say they denied causing any injuries to the children. Nevertheless, they were charged with battery, and the children were removed from their home. Two years later, the first child recanted his statement on the injuries. The battery charges were *nolle prossed*, and four of the children were returned.

**Families, Inc.** The Smiths haven't stated a claim against Families, Inc. Their federal civil rights claims require some state action or joint activity between Families, Inc., and state agents. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001); *Federer v. Gephardt*, 363 F.3d 754, 757–59 (8th Cir. 2004). The Smiths try to clear that bar by alleging a conspiracy. But "allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). Here, the Smiths allege (1) that Families, Inc. (along with other defendants) claimed that some of the Smith children weren't getting their

medication, and (2) that a Families, Inc. supervisor hid therapy records that would have exonerated the Smiths. № 3 at 5, 10. These allegations don't plausibly plead a meeting of the minds between Families, Inc. and any state actors. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007). These federal claims therefore fail.

The Smiths' state claims against Families, Inc., come up short, too. There's no allegation that Families, Inc., was involved with instituting or continuing the allegedly malicious criminal proceedings against the Smiths. *McMullen v. McHughes Law Firm*, 2015 Ark. 15, 15–16, 454 S.W.3d 200, 210. The Smiths haven't alleged extreme or outrageous conduct "beyond all possible bounds of decency[.]" *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 957, 69 S.W.3d 393, 403 (2002). And the amended complaint is too thin on details about the alleged defamation. *Brown v. Tucker*, 330 Ark. 435, 440, 954 S.W.2d 262, 265 (1997).

**DHS Defendants.** The Smiths say that DHS, its director Cindy Gillespie, and DHS investigator Katherine Chalpecka conspired to remove their foster children from their home. They say that Sylvia Wear is also liable because she is a supervisor at DHS and encouraged the Smiths' prosecution.

First, DHS is dismissed. The Eleventh Amendment bars any claims against Arkansas; and the *Ex Parte Young* exception doesn't extend to state agencies. *Monroe v. Arkansas State University*,

-3-

495 F.3d 591, 594 (8th Cir. 2007). Further, the Smiths request only damages in their amended complaint; they aren't seeking prospective, equitable relief for an ongoing violation of federal law. Their official capacity claims against Gillespie, Chalpecka, and Wear are therefore dismissed with prejudice. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

That leaves the individual capacity claims against Chalpecka and Wear. The amended complaint makes three allegations against Chalpecka: she removed the Smiths' children without reasonable suspicion of child abuse; she notified the Osceola Police Department that a second child in the Smiths' care had injuries consistent with those that the first child had; and the Smiths were charged with additional felony battery charges because of Chalpecka's statements.

The amended complaint itself, though, demonstrates that Chalpecka is entitled to qualified immunity on the Smiths' federal claims. *Ulrich v. Pope County*, 715 F.3d 1054, 1058 (8th Cir. 2013). A school nurse had photographs of possible injuries to a child; and a police officer said that both the child and the Smiths confirmed the abuse. Aside from the conclusory conspiracy claim, there's no allegation that Chalpecka knew or had reason to know that any of that information was false. Nor is there any allegation that she lied about the injuries to the second child. Chalpecka is therefore entitled to

qualified immunity for removing the children. *Manzano v. South Dakota Department of Social Services*, 60 F.3d 505, 509–11 (8th Cir. 1995).

The Smiths' state claims against Chalpecka also fail. Absent an allegation that she knew the abuse claims were false, the Smiths can't show that she instituted or continued a proceeding against them without probable cause. *McMullen*, 2015 Ark. at 15–16, 454 S.W.3d at 210. And as with Families, Inc., the details pleaded are too thin to support a claim for defamation or outrage. *Brown*, 330 Ark. at 440, 954 S.W.2d at 265; *Faulkner*, 347 Ark. at 957, 69 S.W.3d at 403.

As for Sylvia Wear, the amended complaint says only that she "is made a Defendant because she is a supervisor at DHS and her overt encouragement of the prosecution of Plaintiffs." № 3 at 10. The "overt encouragement" allegation is too thin to support a plausible federal or state claim. *Twombly*, 550 U.S. at 555–56. And in light of Chalpecka's qualified immunity, the Smiths haven't pleaded an underlying constitutional violation for which Wear can be held liable as a supervisor. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). The Smiths' claims against Wear individually are therefore dismissed without prejudice, too.

**The Other State Defendants.** As with the DHS Defendants, the Smiths' official capacity claims for damages against Governor Hutchinson, William Bryant, and Jeffrey Drew fail as a matter of law.

*Murphy*, 127 F.3d at 754. And the amended complaint doesn't include any facts supporting an individual capacity claim against Drew.

\* \* \*

The motions to dismiss, № 6, 27 & 28, are granted. The Smiths' claims against DHS are dismissed with prejudice. Their official capacity claims against Gillespie, Chalpecka, Wear, Hutchinson, Bryant, and Drew are dismissed with prejudice. Their federal claims against Chalpecka individually are dismissed with prejudice, too, based on qualified immunity. The following claims are dismissed without prejudice: the Smiths' against Families, Inc.; their state claims against Chalpecka; and their claims against Wear and Drew individually.

The case goes forward against the school defendants and the Osceola defendants on the listed claims:*

| School Defendants | Claims |
|---|---|
| Ashley Hodges, Dee Wallace, Tiffany Smithey, John Does, Michael Cox, Alfred Hogan, Sandra Landry, and Pamela Smith | • Federal civil rights claims (§§ 1981, 1983 & 1985)<br>• ACRA<br>• Outrage<br>• Defamation<br>• Malicious Prosecution |

---

* There is a stray reference to the Fair Labor Standards Act in the amended complaint's listed claims. № 3 at ¶ 1. But there don't appear to be any facts pleaded related to wages, hours, or other employment issues.

| Osceola Defendants | Claims |
|---|---|
| Terry Hodges, David Gladden, City of Osceola, Arkansas, Dickie Kennemore, Sam Pollock, Duncan, and Gonzalez | • Federal civil rights claims (§§ 1981, 1983 & 1985)<br>• ACRA<br>• Outrage<br>• Defamation<br>• Malicious Prosecution |

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 February 2020